United States District Court
Southern District of Texas
**ENTERED**
April 29, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAVIER ANTONIO MORA GONZALEZ, | § § | CIVIL ACTION NUMBER 4:26-cv-01444 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| GRANT DICKEY, *et al*, | § | |
| Respondents. | § | |

ORDER

Petitioner Javier Antonio Mora Gonzalez filed a petition for writ of *habeas corpus* on February 23, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention under 8 USC §1225(b) violates constitutional guarantees of due process and equal protection. Id at 4–14.

Prior order noted that the petition appeared to only raise issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 4. But Petitioner was given opportunity to make a further filing with additional authority or distinguishing facts not resolved by those decisions. Ibid.

Petitioner then filed a supplement with additional arguments. Dkt 6. He recognizes the decision in *Buenrostro-Mendez*, and he doesn't dispute that it authorizes the Government to detain him under §1225(b)(2)(A). But he contends that the *Buenrostro-Mendez* decision didn't address the specific due process claim he raises, being whether the Government may constitutionally revoke his previously granted release on supervision without first providing an individualized

process. See id at 2–5. Petitioner also points to prior decision by the undersigned in *Arcos v Noem*, 2025 WL 2856559, *2–4 (SD Tex), which found the detention at issue in those circumstances violated procedural due process.

As noted, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08; see also *Herrera Avila v Bondi*, 2026 WL 819258 (8th Cir) (holding to same effect).

The undersigned has also determined a number of other issues since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

- o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection.

- o *Marcelo-Aguila v Noem*, 2026 WL 936337 (SD Tex): Holding that an alien's prior release on supervision doesn't constrain the Government's authority to detain an applicant for admission under §1225(b)(2)(A) without an individualized custody determination.

The arguments presented by Petitioner in the petition and supplement raise issues resolved to the contrary in the decisions cited above.

To the extent that Petitioner refers to *Arcos v Noem*, that decision involved detention pursuant to the automatic stay provision of 8 CFR §1003.19(i)(2). See 2025 WL 2856558 at *1. Petitioner contends his situation "presents an even stronger" case for as-applied relief than at issue there. See Dkt 6 at 5. But he doesn't explain why that decision, which concerned a regulation inapplicable here, indicates his detention pursuant to clear statutory authority is unlawful.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The petition for writ of *habeas corpus* by Petitioner Javier Antonio Mora Gonzalez is thus DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on April 29, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

3